## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DAVID ARNDT,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CV-20-181-R** |
| | ) | |
| **BARBARA HATFIELD, individually, et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff David Arndt's Complaint. Doc. No. 1. Therein, Plaintiff, proceeding *pro se*, alleges violations of his civil and constitutional rights, and asks for monetary damages, temporary injunctive relief and declaratory judgment against thirty-two defendants, including several state judges and government representatives. *Id.* Upon review, the Court dismisses Plaintiff's Complaint *sua sponte* for failure to comply with federal pleading requirements.

According to his Complaint, Plaintiff reported his wife in or around August 2017 for abusing him and their three children. Soon thereafter, the Department of Human Services (DHS) removed Plaintiff and the couple's three children from their home and opened an investigation. Plaintiff's wife then filed for divorce. In the divorce proceedings, the Judge granted joint custody to both parents and Plaintiff was required to pay child support. Plaintiff failed to pay child support and was subjected to a Title IV-D hearing. He was held in contempt in the state district court for failing to pay his child support. Plaintiff

was later charged with abuse and neglect of his children and a deprived child petition was filed against him. Among other allegations, Plaintiff contends that the custody decision, child support orders, contempt orders and the deprived child petition violate his constitutional and statutory rights.

Federal Rule of Civil Procedure 8 requires plaintiffs to "state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Specifically, Rule 8(a) instructs the plaintiff to plead for relief in a "short and plain statement," Fed. R. Civ. P. 8(a), while Rule 8(d) adds that each allegation in the complaint must be "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). Rule 8 is violated where a Plaintiff files a complaint which reads "more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs . . . ." *See Mann*, 477 F.3d at 1148. "It [is] not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading . . . ." *Id.* Additionally, Federal Rule of Civil Procedure 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Plaintiff's Complaint violates each of these federal rules. His Complaint is 189 pages long; it does not contain short and plain statements notifying Defendants of the claims made against them. Nor does it contain simple, concise, or direct allegations. Plaintiff's Complaint is in clear violation of Rule 8. His claims are also not stated in numbered paragraphs, in violation of Rule 10.

For the forgoing reasons, the Court *sua sponte* dismisses Plaintiff's Complaint, Doc. No. 1. The Court grants Plaintiff leave to file an Amended Complaint that comports with the Federal Rules of Civil Procedure.

**IT IS SO ORDERED** this 2nd day of June 2020.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**